8765

CORLEY v. AMERICAN BAPTIST HOME MISSION SOCIETY.

(81 S. E. 146.)

LANDOWNER. INJURY TO THIRD PARTY ON PREMISES. COLLEGES. TORTS
   OF STUDENTS.

1. Where a home mission society, engaged in collecting funds for edu-
cational purposes, allowed a college to use its land free of charge,
and supplied the fund for the payment of its teachers, but took no
part in the active management of the college, it was not liable for
an injury to a third party caused by his running into a wire fence
negligently placed across a path used by the public by the students
of the college.

2. A college was not liable for an injury to a third party caused by its
students in connection with the game of baseball; the game not
being under college control, or part of the college athletics.

Before SEASE, J., Columbia, March, 1913.    Reversed.

Action by Henry S. Corley against American Baptist
Home Mission Society. From a judgment for plaintiff,
defendant appeals. The facts are stated in the opinion.

The following exceptions were taken in the case:

"(1) That his Honor erred, for the reason therein stated,
in refusing the direction of a verdict in favor of the defend-
ant, upon the first ground of the motion made by defendant,
which ground was as follows, to wit: 'That there is no evi-
dence in this cause tending to establish that the public had
acquired the right to travel along the pathway from the gate
at the foot of Blanding street to the gate on Taylor street,
at the foot of Pine street, and, there being evidence that
Benedict College, the occupant of the premises in question,
had objected to the use of the path in question, and had put
up signs warning the public that it was no thoroughfare, but
private grounds, the plaintiff can only be considered to have
been a trespasser, and that there is no evidence that the
defendant, the American Baptist Home Mission Society, or
any of its authorized agents, knew of the putting up of the

wire which caused the injury, the jury must find for the defendant.'

"(2) That his Honor erred, for the reason therein stated, in refusing the direction of a verdict in favor of the defendant, upon the second ground of the motion made by defendant, which ground was as follows, to wit: 'That, it appearing, by the uncontradicted testimony, that the wire was put up by the students of Benedict College for their own purposes, without the authority, consent, or knowledge of any agent of the defendant, the American Baptist Home Mission Society, the defendant is not responsible for the injuries resulting from the putting up of the wire, and the jury must find for the defendant.'

"(3) That his Honor erred, for the reason therein stated; in refusing the direction of a verdict in favor of the defendant, upon the third ground of its motion, which ground was as follows, to wit: 'It appearing, by the record of the deed of conveyance offered in evidence by the plaintiff, that, even if the legal title to the premises in question may still be in the defendant, the American Baptist Home Mission Society, it, since the incorporation of Benedict College under the laws of the State of South Carolina, holds such legal title as trustee only for Benedict College, and Benedict College, being in possession of the premises and in the enjoyment thereof for the purposes of the original trust, the defendant, the American Baptist Home Mission Society, is in nowise responsible for the use of the said premises, and the jury must find for the defendant.'

"(4) That his Honor erred, for the reason therein stated, in refusing the direction of a verdict in favor of the defendant, upon the fourth ground of its motion, which ground was as follows, to wit: 'Because it appears from the uncontradicted testimony in the case, by that offered on behalf of the plaintiff, as well as by that for the defendant, that the defendant, the American Baptist Home Mission Society, is an eleemosynary corporation, organized and existing for

charitable purposes only, and that it is supported entirely by voluntary donations for charitable purposes, it cannot be held responsible for the injuries alleged in the complaint in this action.'

"(5) Because his Honor erred in refusing defendant's first request to charge, as follows, to wit: 'There being no evidence in this case to connect the defendant, the American Baptist Home Mission Society, with the acts alleged in the complaint as having caused the alleged injury to the plaintiff, the jury must find a verdict for the defendant.'

"The error being that there was no evidence to show that the defendant, its servants or agents, were in anywise connected with the delict complained of in the complaint, and no reasonable inference could be drawn from any of the testimony that the defendant, American Baptist Home Mission Society, its agent or servants, placed the wire across the path, or acquiesced or consented to its being placed across the path."

*Messrs. Lyles & Lyles,* for appellant, cite: *Duty toward persons using a private way:* 1 L. R. A. 459; 100 Ind. 221; 1 McCrary 438; 92 S. C. 291. *Prescription:* 63 S. C. 439. *Trespasser:* 92 S. C. 291; 86 S. C. 110. *Lack of evidence to sustain judgment:* 81 S. C. 31. *Mere conjecture as against positive denials:* 91 S. C. 305. *Liability of charitable corporations for torts:* 6 Cyc. 975-6; 218 Ill. 381; 2 L. R. A. (N. S.) 556; 105 Fed. 886; 7 L. R. A. (N. S.) 485, 481; 120 Mass. 432; 11 L. R. A. (N. S.) 1179; 136 Am. St. Rep. 879; 39 L. R. A. (N. S.) 427; 67 S. E. 971; 120 Pa. St. 624; 6 Am. St. Rep. 745; 121 Pac. 901

*Messrs. Porter A. McMaster* and *W. H. Townsend,* for respondent, cite: *Public right to use path:* 161 Fed. 376; 72 Miss. 200; 16 So. 213; 48 Am. St. Rep. 547; 26 L. R. A. 686; 62 Kan. 188; 61 Pac. 689. *Negligence of landowner in permitting obstruction on path across his property:* 62

Kan. 188; 68 N. Y. 283, 292; 23 Am. Rep. 175; 161 Fed. 376; 72 Miss. 200; 204 N. Y. 248 to 253; 28 Am. & Eng. Ann. Cases 748. *Liability of charitable corporations for injuries to third parties:* 199 N. Y. 233; 92 N. E. 626; 139 Am. St. Rep. 889; 32 L. R. A. (N. S.) 68; 203 N. Y. 193; 96 N. E. 406; 26 Am. & Eng. Ann. Cases (1913A.) 884; 147 Mich. 255; 11 A. & E. Ann. Cases 159. *Title to land in defendant as trustee for college:* 29 S. C. 135. *Land-owner liable for acts of occupant of land as its agent to carry out trusts undertaken by it:* 130 Ky. 153; 17 A. & E. Ann. Cases 786; 67 N. J. L. 610.

March 24, 1914.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action against the appellant, American Baptist Home Mission Society, for damages.

It appears that the appellant owns a lot of land which it holds for educational purposes; that it allows the Benedict College, a corporation, to use the land to conduct a college; that the appellant is engaged in collecting and distributing funds for educational purposes. There is no evidence that the appellant is engaged in the active management of educational institutions. There is evidence it did elect a president of the Benedict Institute, but that its president and officers now in office were elected by the trustees of Benedict College. There was evidence that there was a pathway across the grounds that had been used for more than 20 years by the public; that the students of the college, under the management of a teacher, in preparation for a game of baseball, stretched a wire across this pathway for the convenience of the game, and left it there, and the respondent ran into it, and was injured by running into it. Negligence was alleged in placing the wire across the path, and leaving it there. At the close of the evidence the appellant moved for a direction of a verdict in its favor, which was refused, and also asked

the presiding Judge to charge the jury that there was no evidence upon which it could find a verdict for the plaintiff. This was also refused. The jury found a verdict for the plaintiff, and, from the judgment entered thereon, this appeal is taken.

There are several questions in the case (the exceptions will be reported) ; but only one need be considered. Was there any evidence of negligence on the part of the appellant? There was none. The appellant did not elect the officers or teachers. It took no part in the management of the college, and does not hold itself out as doing so. It owns the land, and supplies the fund for payment of teachers, but is no more responsible for negligence in the management than any landlord would be for the negligence of his tenant. It can make no difference that no rent is charged, or that the landlord may supply his tenant with food or raiment. There was some conflict of testimony as to whether Leak, the manager of the baseball, was or was not a teacher. It is immaterial here whether he was or was not a teacher. There was nothing to show that the game was under college control, or a part of the college athletics. It certainly cannot be successfully contended that a college is responsible for the unofficial acts of its students, or even of its professors. Respondent says that Benedict College is a subsidiary corporation to appellant. This may be true ; but there is no evidence of it.

It having been held that there is no evidence of negligence for which the appellant is responsible, the other questions do not arise.

The judgment of this Court is, that the judgment appealed from is reversed.